IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| v. | *   CRIMINAL NO. SAG-23-269 |
| | * |
| REGINALD DAVIS, | * |
| | * |
| Defendant | * |
| | * |

*******

**MOTION TO EXCLUDE TIME
PURSUANT TO THE SPEEDY TRIAL ACT**

The United States of America moves this Court for an Order concerning the Speedy Trial Act status in this case, specifically to exclude time for purposes of Speedy Trial Act computation, pursuant to 18 U.S.C. § 3161(h)(1), and to make a finding pursuant to 18 U.S.C. § 3161(h)(1) and (7)(A) that time necessary for plea negotiations is a proceeding within the contemplation of the Speedy Trial Act, and that the ends of justice served by continuing the trial date beyond the 70-day period normally required under 18 U.S.C. § 3161(c)(1) outweigh the best interests of the public and the defendant in a speedy trial. In support of this motion, the government states as follows:

1. On August 1, 2023, a federal grand jury returned a sealed Indictment in the above-referenced matter, charging the Defendant, with wire fraud in violation of 18 U.S.C. § 1343 and money laundering in violation of 18 U.S.C. § 1957.

2. On August 9, 2023, the Defendant had his initial appearance on the Indictment and time began to elapse under the Speedy Trial Act. Time was previously excluded under the Speed Trial Act until May 1, 2023.

3. The government is in the process of providing discovery to the Defendant,

including voluminous correspondence records, which is ongoing. Plea negotiations are ongoing.

4. In light of the ongoing plea negotiations and the scope of discovery, it appears that the 70 days contemplated by the Speedy Trial Act for discovery, plea negotiations, and if necessary, trial preparation will be inadequate. "[D]elays resulting from plea negotiations" are excludable as delays "resulting from other proceedings concerning the defendant" within the meaning of § 3161(h)(1). *United States v. Ford*, 288 Fed. App'x 54, 57-58 (4th Cir. 2008) (citing 18 U.S.C. § 3161(h); *United States v. Bowers*, 834 F.2d 607, 610 (6th Cir. 1987); and *United States v. Montoya*, 827 F.2d 143, 150 (7th Cir. 1987)). *See also*, *United States v. Leftenant*, 341 F.3d 338, 344-45 (4th Cir. 2003) (holding time spent on plea negotiations were excludable as "other proceedings," within the meaning of § 3161(h)(1)) (citing *Bowers* and *Montoya*, among other cases, in support).

5. Further, a number of courts have also held that continuances to permit additional time for plea negotiations are proper under § 3161(h)(7), the provision of the Speedy Trial Act authorizing continuances where doing so will serve "the ends of justice." *See, e.g.*, *United States v. Fabian*, 798 F. Supp.2d 647, 673 (D. Md. 2011) ("[A]n 'ends of justice' exclusion is intended to cover any of various circumstances, including where . . . the government and the defendant are engaged in ongoing plea negotiations.") (citing, among others, *Ford*, 288 Fed. App'x at 58); *United States v. Fields*, 39 F.3d 439, 445 (3d Cir. 1994) ("Nothing in the language of 18 U.S.C. § 3161(h)(8) suggests that an 'ends of justice' continuance may not be granted for this purpose. . . . In current federal practice, plea negotiations play a vital role. We therefore see no reason why an 'ends of justice' continuance may not be granted in appropriate circumstances to permit plea negotiations to continue.").

6. The Defendants and the Government agree, therefore, that delaying the prosecution

of this case to pursue a resolution short of trial via plea negotiations serves the interest of justice.

7.      Further, the Government requests an order finding that the time from the initial appearance of Defendant to August 15,2024 – during which the parties have conducted and will continue to conduct plea negotiations – is automatically excluded as an "other proceeding concerning the defendant" within the meaning of 18 U.S.C. § 3161(h)(1), or, in the alternative, grant a continuance pursuant to § 3161(h)(7) and make a finding that the interests of justice are served by excluding that time under the Speedy Trial Act, which interests outweigh the defendant's and the public's interests in a speedy trial.

A proposed Order is attached for the Court's consideration.

                              Respectfully submitted,

                              Erek L. Barron
                              United States Attorney

By:     _____/s/_____
        Aaron Zelinsky
        Assistant United States Attorney
        District of Maryland Bar # 802609
        36 South Charles St., 5th Floor
        Baltimore, Maryland 21201
        Tel.: (410) 209-4985
        Fax: (410) 962-3091