IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA**       *

      v.                           *       Case No. SAG-23-0269

**REGINALD DAVIS**           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO SUPPRESS SEARCH EVIDENCE

Now comes the Defendant, Reginald Davis, by his attorney, Law Offices of Gerald C. Ruter, P.C. and pursuant to F.R.Cr.P. 12, he respectdully moves this Honorable Court to suppress all evidence obtained directly and/or indirectly as a result of the execution of a **search warrant signed by Magistrate Judge A. David Copperthite, on January 26, 2024, for the premises of Strong City Baltimore, Inc. at the Club House at Collington Square, 2110 Mura Street, Baltimore, Maryland** and in support of his Motion says as follows:

    1.   Mr. Davis is charged by Indictment with wire fraud, in violation of 18 U.S.C. 1343; and money laundering, in violation of 18 U.S.C. 1957.

    2.   The indictment was issued on August 3, 2023, and Mr. Davis had his initial appearance shortly thereafter.

    3.   On January 26, 2024, FBI S/A Owen O'Connell, requested and received permission from the United States District Court for the District of Maryland to search the location above

described and seize and examine the contents of dozens of boxes heaped upon each other, numerous file cabinets and all electronic devices, all of which might contain evidence to further the investigation.

    4.   The Court signed the warrant, and it was executed thereafter.  Currently, the date the warrant was executed is unknown since the copy of the Return (that defense counsel has) has not been filled out.

    5.   It is noted that the indictment alleges the criminal activity occurred in 2020 to 2021 and was related solely to the misuse of PPP funds by Strong City Baltimore and that the PPP applications were subscribed to by Mr. Davis.

    6.   The warrant lacks probable cause.

    7.   The warrant fails to establish an adequate nexus between the places to be searched and the probable cause established.

    8.   The warrant fails to establish probable cause to believe that the things sought to be seized will be found in the place to be searched.

    9.   The warrant is a general warrant.

    10.  The warrant was executed in such a manner as to have the legal effect of being a general warrant.

    11.  The probable cause, if any, was stale.

12. The warrant was so facially deficient of probable cause that the affiant could hold no reasonable belief as to its legality.

**WHEREFORE,** it is prayed this Honorable Court suppress any evidence seized directly or indirectly from the searches as being in violation of the Fourth Amendment to the United States Constitution.

                              Respectfully Submitted,

                              /s/ Gerald C. Ruter

                              _____
                              Law Offices of Gerald C. Ruter, P.C.
                              9411 Philadelphia Road, Suite O
                              Baltimore, Maryland 21237
                              (410) 238-8000
                              Ruterlaw@verizon.net

**GROUNDS AND AUTHORITIES:**

<u>Illinois v. Gates</u>, 462 U.S. 213 (1983)

<u>Massachusetts v. Upton</u> 466 U.S. 727 (1984)

<u>United States v. Hurwitz</u>, 459 F.3d 463 (4th Cir.2006)

<u>United States v. Grossman</u>, 400 F.3d 212 (4th Cir.2005)

<u>United States v. Leon</u>, 468 U.S. 897 (1984)

Fourth Amendment, United States Constitution

**Request for hearing**

A hearing is requested pursuant to Local Rule 105.6.

**Certificate of filing**

I HEREBY CERTIFY that a copy of this paper was sent electronically to all counsel of record on this 14th day of January 2025.

/s/ Gerald C. Ruter
_____
Gerald C. Ruter