IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | |
| v. | * | Criminal Case No. SAG-23-0269 |
| | * | |
| **REGINALD DAVIS,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

At the pretrial conference on June 10, 2025, this Court deferred ruling on one of the government's motions in limine, ECF 64, because the government had filed the motion belatedly and this Court had not had an opportunity to review the defense opposition, ECF 65. This Court entertained argument on the motion during the pretrial conference and has now had a full opportunity to review the filings and the issues presented. For the reasons described below, the proffered evidence is admissible, and the government's motion is GRANTED.[1]

In this case, the government charges that the defendant, Reginald Davis, committed fraud and transactional money laundering by agreeing to the terms of a Paycheck Protection Program ("PPP") loan while intending to use (and using) the funds for an impermissible purpose. The important background information is as follows: Mr. Davis's nonprofit organization, Strong City

---

[1] As this Court ruled at the hearing, although the government filed the instant motion after motions in limine were due and close in time to the pretrial conference, this Court will permit the belated filing because the motion seeks admission, not exclusion, of evidence that the government would have sought to admit at trial whether it had filed the motion or not. This Court prefers to address evidentiary issues before trial when it can, to best make use of the jury's time. Finally, this Court ameliorated any prejudice from the untimely filing by hearing argument from the parties and deferring its ruling to review Mr. Davis's response in full.

Baltimore, received the $1.4 million PPP loan in its PNC bank account on March 16, 2021. Just one week later, three fraudulent checks totaling over $170,000 were drawn from the same bank account by an unknown actor. During the following week, the government alleges, Mr. Davis used the PPP funds in that same account for an impermissible purpose – to settle Strong City's outstanding debt to a nonprofit foundation instead of using the funds to pay its employees.

In the instant motion in limine, the government seeks to admit evidence that Mr. Davis did not report the check fraud to law enforcement in a logical manner. About one month after the fraudulent checks cleared Strong City's account, a Strong City board member emailed Mr. Davis and others to suggest that the FBI should be notified "as this is a federal crime."[2] Mr. Davis responded that it was "not necessary to alert the FBI at this point." In fact, Mr. Davis did not inform any law enforcement officials about the fraudulent checks until June 15, 2021 (about three months after the checks had been drawn). At that time, he walked into a Baltimore City Police precinct shortly before midnight and made the report to a duty intake officer. The government contends that the timing and method of the reporting suggests an intent to shield the account from law enforcement scrutiny at the time surrounding Mr. Davis's allegedly fraudulent use of the PPP loan.

The government posits that the evidence is intrinsic to the charged offense because it shows a "contemporaneous effort to conceal the charged conduct and bears on his consciousness of guilt." ECF 64 at 3. It also contends that the evidence is admissible under Federal Rule of Evidence 404(b) because it is relevant to Mr. Davis's knowledge of wrongdoing and is both necessary and reliable.

---

[2] Mr. Davis suggests that the email exchange may not have been produced in discovery. ECF 65 at 3. The parties should look into this and raise any issues regarding a possible discovery violation promptly with the Court. This ruling simply addresses the admissibility of evidence relating to Mr. Davis's reporting to law enforcement, not the particular email exchange in question.

*Id.* at 4-5. Mr. Davis counters that the evidence is speculative regarding his motivation, and offers some evidence countering the inference the government suggests can be drawn. ECF 65 at 2-3.

This Court agrees with the government that the evidence is properly admissible. The conduct is relevant to Mr. Davis's knowledge because it is highly unusual. A theft of that magnitude is customarily reported to law enforcement authorities experienced in check fraud investigation immediately. Deciding to wait three months, and to report it in the middle of the night to a local police precinct intake officer, plausibly suggests an attempt to conceal the account from competent investigative scrutiny. The evidence is neither speculative nor unduly prejudicial. Mr. Davis, of course, will be able to argue that the government's requested inference is unfounded, because he reported the bad checks to PNC and for any other reasons. But the facts surrounding the reporting decision are relevant to the jury's consideration of the charged offenses. The government's motion in limine, ECF 64, is GRANTED.

Date: June 12, 2025                                               /s/
                                                          Stephanie A. Gallagher
                                                          United States District Judge